Guy W. Beckett, WSBA #14939
BECKETT LAW OFFICES, PLLC
811 First Ave., Ste. 620
Seattle, WA 98104
Tel.: 206.264.8135
Facs.: 206.264.8144

The Hon. Karen E. Overstreet

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| In Re:<br><br>John Bernard O'Neill and<br>Claudia Kelly O'Neill,<br><br>Debtors. | Chapter 7 Bankruptcy<br><br>No.: 05-22212-KAO<br><br>DECLARATION OF GUY W. BECKETT IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT AND FOR ORDER AUTHORIZING PAYMENT OF ATTORNEY'S FEES AND EXPENSES |

Guy W. Beckett declares:

1. I am the principal of Beckett Law Offices, PLLC, co-counsel for the Plaintiffs in this case. I make this declaration from my personal knowledge. The purpose of this declaration is to support Bankruptcy Trustee Ron Brown's request for Bankruptcy Court approval of his settlement of his claims (the "settlement") against Farmers Insurance Company ("Farmers"), and to request approval for the payment of my attorney's fees and costs advanced from the settlement funds.

2. I graduated *summa cum laude* from Washington State University in 1981, where I was invited to, and became, a member of Phi Beta Kappa. I graduated in 1984 from the

DECLARATION OF GUY W. BECKETT IN
SUPPORT OF MOTION FOR APPROVAL OF
SETTLEMENT AND FOR PAYMENT OF
ATTORNEY'S FEES AND EXPENSES - 1

Beckett
Law Offices, PLLC
811 First Avenue, Suite 620
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144

University of Virginia School of Law, where I was a founding editor of The Journal of Law and Politics.

3. I have been licensed to practice law in Washington for over twenty-two years. I have been the proprietor of my own law firm since December 1990. I am rated "AV" by Martindale Hubbell. In my practice, I devote the great majority of the legal services provided to the litigation of business and real estate-related disputes and personal injury cases. I am an Eagle member of the Washington State Trial Lawyers Association. In my career I have tried and prevailed in numerous lawsuits in superior courts in several counties in Washington, including King, Pierce, Kitsap, Mason, Spokane, Skagit, and Okanogan. I have also tried several cases in federal courts in the Western District of Washington, at Seattle; Bankruptcy Courts for the Western District of Washington in Seattle and Tacoma; and the Bankruptcy Court for the Eastern District of Washington. I have been counsel for prevailing parties in numerous appeals, including the Division 1 cases *O'Neill v. Farmers Ins. Co.*, 124 Wn. App. 516, 125 P.3d 134 (2004) and *In re Diafos*, 110 Wn. App. 758, 37 P.3d 304 (2001), *review denied*, 147 Wn.2d 1024 (2002), and a Division 2 case originally published but withdrawn from publication as part of a settlement, *Butko v. Stewart Title Company of Washington, Inc.*, 99 Wn. App. 533, 991 P.2d 697w (2001). I am co-counsel for the prevailing parties on decisions in motions to dismiss reported for *Orser v. Select Portfolio Servicing, Inc.*, 2005 WL 3478126 (W.D. Wash. 2005), and *Gerber v. First Horizon Home Loans Corp.*, 2006 WL 581082 (W.D. Wash. 2006). I have also represented several prevailing parties in unpublished appeal decisions, both in state and federal courts (*e.g., Butko v. Madrona, Inc.*, Ct. of Appeals, Div. 2 Case No. 20200-0-II, *review denied*,

DECLARATION OF GUY W. BECKETT IN
SUPPORT OF MOTION FOR APPROVAL OF
SETTLEMENT AND FOR PAYMENT OF
ATTORNEY'S FEES AND EXPENSES - 2

Beckett Law Offices, PLLC
811 First Avenue, Suite 620
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144

144 Wn.2d 1021, 32 P.3d 284 (2001) and *In re Healy*, 61 Fed. Appx. 350, 2003 WL 1497986 (9th Cir. 2003)).

4. Pursuant to an order entered in this Court on February 9, 2006 appointing me as special counsel for the Bankruptcy Trustee, Ron Brown, I have been representing Mr. Brown in litigation in two cases: *Brown v. Farmers Insurance Company, et al.*, King County Superior Court Case No. 04-2-23647-9 KNT, and *Brown v. Oles Morrison Baker & Rinker, LLP, et al.*, King County Superior Court Case No. 05-2-27335-6 SEA.

5. *Brown v. Farmers Insurance Company* (the "Farmers action") arose from a water leak suffered at Bankruptcy Debtors O'Neills' residence in September 2001. Farmers Insurance Company ("Farmers") was the O'Neills' homeowners' insurer. Their insurance contract had a one-year suit limitation provision, which required the O'Neills to commence a lawsuit against Farmers to recover benefits under their insurance policy within one year of the event giving rise to the loss. The O'Neills did not receive the insurance benefits they believed they were entitled to receive from Farmers, and they retained the Seattle law firm of Oles Morrison Rinker & Baker, LLP ("Oles Morrison"), to commence a lawsuit against Farmers for insurance contract benefits, for insurance bad faith, and for violations of the Washington Consumer Protection Act, RCW Chapter 19.86 (the "WCPA"). Oles Morrison timely filed a lawsuit against Farmers but failed to properly serve process upon the company. Accordingly, the O'Neills' first lawsuit against Farmers was dismissed with prejudice in 2003. The O'Neills then retained me to prosecute an appeal of the dismissal of their claims against Farmers; to pursue a malpractice lawsuit against Oles Morrison; and to pursue litigation against Professional Cleaning &

DECLARATION OF GUY W. BECKETT IN
SUPPORT OF MOTION FOR APPROVAL OF
SETTLEMENT AND FOR PAYMENT OF
ATTORNEY'S FEES AND EXPENSES - 3

Beckett
Law Offices, PLLC
811 First Avenue, Suite 620
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144

Restoration Services, LLC, d/b/a Servpro ("Servpro"), and AACE Contracting & Insurance Repair, Inc. ("AACE") for damages they alleged they sustained as a result of water damage repair and construction work done at their residence following the water leak.

6. In their appeal of the dismissal of their claims against Farmers, the Court of Appeals, Division One, affirmed the dismissal but ruled that the trial court should not have dismissed the O'Neills' claims for bad faith and violations of the Washington Consumer Protection Act, RCW Chapter19.86, with prejudice. *See O'Neill v. Farmers Ins. Co.,* 124 Wn. App. 516, 125 P.3d 134 (2004). Based on that ruling, on behalf of the O'Neills I commenced a new lawsuit against Farmers for bad faith, to recover under the WCPA, and for its acts as alleged principal of Servpro and AACE. I also commenced a lawsuit against Oles Morrison and one of its former attorneys to recover for legal malpractice.

7. In 2005 the O'Neills filed their Chapter 7 bankruptcy case. Mr. Brown retained me to represent him as substituted plaintiff in the lawsuits against Farmers and Oles Morrison. A copy of the Order appointing me as special counsel for Mr. Brown for these cases is attached as Exhibit A. A copy of my Fee Agreement with Mr. Brown is attached as Exhibit B.

8. The Farmers case was vigorously contested. The case against Farmers was made especially difficult because all contract claims against it had been dismissed due to the malpractice of the O'Neills' prior counsel. I was required to retain experts for several issues: insurance practices and bad faith; emergency water cleanup; construction practices; and forensic accounting, to obtain damages evidence. I advanced costs of $44,424.02 for experts' fees alone. Fifteen depositions were conducted by the parties prior to the settlement, with thousands of

DECLARATION OF GUY W. BECKETT IN
SUPPORT OF MOTION FOR APPROVAL OF
SETTLEMENT AND FOR PAYMENT OF
ATTORNEY'S FEES AND EXPENSES - 4

Beckett
Law Offices, PLLC
811 First Avenue, Suite 620
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144

pages of exhibits. Deposition expenses for which I advanced payment totaled $6,903.12. With the extent of the expert testimony that would have been required, it would have been very expensive to have tried the case against Farmers.

9. On August 14, 2007, Mr. Brown, Farmers, Servpro, and AACE participated in a mediation with Joanne Tompkins of JAMS, former Commissioner of the Washington State Court of Appeals, Division One. Although no settlement was reached with Servpro or AACE, the mediation did result in the settlement of Mr. Brown's claims against Farmers. Mr. Brown agreed to dismiss his claims against Farmers in exchange for its payment to him, for the benefit of the O'Neills' bankruptcy estate, of $400,000.00. A copy of the Washington Civil Rule 2A Agreement between Mr. Brown and Farmers is attached as Exhibit C. A copy of the final and executed Settlement Agreement is attached as Exhibit D.

10. As a result of this settlement, the O'Neills' bankruptcy estate has enough money to pay my agreed contingency fee; to reimburse me for the litigation expenses I have advanced for the cases; to pay all of the O'Neills' creditors 100% of their claims; and to pay Mr. Brown's Trustee's Fee. It is my understanding that Mr. Brown intends to abandon the claims against AACE and Servpro, and the malpractice claims asserted in the lawsuit against Oles Morrison. I intend to represent the O'Neills in their continued pursuit of those claims after they have been abandoned in this case. In light of the fact that all of the O'Neills' creditors and all administrative claimants will be paid in full, the extent of the risk of no recovery Mr. Brown faced when he retained me, the amount it would have required to try the case, and the potential damages recoverable, I believe Mr. Brown's settlement with Farmers is reasonable.

DECLARATION OF GUY W. BECKETT IN
SUPPORT OF MOTION FOR APPROVAL OF
SETTLEMENT AND FOR PAYMENT OF
ATTORNEY'S FEES AND EXPENSES - 5

Beckett
Law Offices, PLLC
811 First Avenue, Suite 620
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144

11. Attached as Exhibit E is a detailed itemization of the services my firm has provided to Mr. Brown for the lawsuit against Farmers. Through September 30, 2007, my firm provided a total of 442.4 hours of legal services to Mr. Brown for the Farmers case. Of that total, 358.7 hours were provided by me, and 83.7 were provided by a former attorney at my firm, Matthew Smith. Mr. Smith graduated with honors from the University of Washington School of Law in 2002, where he was Managing Editor of the Washington Law Review. Mr. Smith has been licensed to practice law in Washington since 2003 and worked for my firm from October 2003 to April 2007. Prior to working for my firm, Mr. Smith was a clerk for Washington Supreme Court Justice Mary Fairhurst.

12. This itemization is misleading because it does not depict all of the work my firm provided related to the claims against Farmers. None of the work I performed for the O'Neills prior to their bankruptcy filing is included in the 442.4 total. There was a significant amount of work performed for the O'Neills before their bankruptcy filing that directly benefitted Mr. Brown, including all of the appeal work and defeating a motion for summary judgment filed by Farmers shortly after I filed the second case. The time for this work is not included in the itemization I have attached as Exhibit E.

13. Attached as Exhibit F is a description of the expenses my firm has advanced to Mr. Brown for his lawsuit against Farmers, by category. My firm advanced $63,223.62 in expenses for Mr. Brown's case against Farmers.

14. Attached as Exhibit G is a detailed itemization of the services my firm has provided to Mr. Brown for the lawsuit against Oles Morrison. Through September 30, 2007,

DECLARATION OF GUY W. BECKETT IN
SUPPORT OF MOTION FOR APPROVAL OF
SETTLEMENT AND FOR PAYMENT OF
ATTORNEY'S FEES AND EXPENSES - 6

Beckett
Law Offices, PLLC
811 First Avenue, Suite 620
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144

my firm provided a total of 7.0 legal services to Mr. Brown for that case, all performed by me.

15. Attached as Exhibit H is a description of the expenses my firm has advanced to Mr. Brown for his lawsuit against Oles Morrison, by category. My firm has advanced $30.76 in expenses for Mr. Brown's case against Oles Morrison.

16. The majority of the legal work my firm does is provided for a contingency fee, so there is no set "hourly rate" I charge my clients. However, Judge Robert Lasnik of the U.S. District Court recently approved an hourly rate of $400 for my fee application as part of a class action settlement where I was co-counsel for the plaintiff class. I believe that an hourly rate of $400 for me, and $175 for Mr. Smith's work, is reasonable when considered against the rates of other attorneys with similar practices and experience in the Seattle area. If those rates are used, my firm's legal services have the following value:

| | | | | |
|---|---|---|---|---|
| Guy W. Beckett | 365.7 hrs. | $400/hr | = | $146,280.00 |
| Matthew Smith | 83.7 hrs. | $175/hr | = | 14,647.50 |
| | | | TOTAL | $160,927.50 |

This amount assigns no value for the work I performed for the O'Neills prior to the commencement of their bankruptcy that directly benefitted Mr. Brown's claims against Farmers. Under the Fee Agreement Mr. Brown entered into with me, I am entitled to be paid 35% of the $400,000 gross settlement received from Farmers, a total of $140,000. Therefore, I believe the O'Neills' bankruptcy estate received fair value from my firm's representation.

17. The Fee Agreement also provides that my firm is entitled to be reimbursed for advanced costs. Therefore, I am requesting the Bankruptcy Court to approve payment from the settlement proceeds to me of $140,000.00 + $63,223.62 + $30.76 = $203,254.38.

DECLARATION OF GUY W. BECKETT IN
SUPPORT OF MOTION FOR APPROVAL OF
SETTLEMENT AND FOR PAYMENT OF
ATTORNEY'S FEES AND EXPENSES - 7

Beckett
Law Offices, PLLC
811 First Avenue, Suite 620
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED THIS 16th day of October, 2007, at Seattle, Washington.

_____
Guy W. Beckett

DECLARATION OF GUY W. BECKETT IN
SUPPORT OF MOTION FOR APPROVAL OF
SETTLEMENT AND FOR PAYMENT OF
ATTORNEY'S FEES AND EXPENSES - 8

Beckett
Law Offices, PLLC
811 First Avenue, Suite 620
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144